Judge Owsley
delivered the opinion of the court.
Rowland purchased of the intestate, Burns, a negro named Jim, at the price of $250, paid down $150, and gave his obligation for the residue.
An action was brought upon the obligation, and judgment obtained at law in favor of Burns. Rowland exhibited his bill, and obtained an injunction against the judgment. He charges, that at the time of purchasing the negro, there existed a mortgage given by a certain Irvine, from whom Burns got the negro, to secure the payment of a large sum of money due by Irvine to a certain Waters; and that Burns informed him but a small sum remained due upon the mortgage, but he has since discovered that there still remains a large sum due upon the mortgage, and is apprehensive the negro will be taken to satisfy the mortgage; and prays to be relieved from the judgment, and for general relief.
The bill was answered by Burns, and the cause prepared for hearing. A decree was pronounced dissolving Rowland’s injunction, dismissing his bill, and giving Burns his *233 cost:—Subjoined to which there is, however, the following provision:—“But the defendant, Burns, to have his elec-"tion either to pay the complainant l.45 and receive the “negro, or indemnify the complainant by sufficient bond “and security against the claim of Waters under the mort-"gage; provided the said defendant makes his election with-"in six months.”
A party whose remedy is ample at law cannot come into equity for relief.
After this Burns died, and Rowland exhibited the present bill against his heirs and administrator, alledging the failure of Burns either to refund the l.45, or indemnify him by bond and security against the mortgage of Waters—charges that Burns collected the amount of his judgment at law, and that the negro has been since taken and sold in satisfaction of the mortgage, and asks for the appropriate relief. And in his answer to interrogations put to him by the heirs, admits that Burns requested him to pay the judgment and let the business remain in the situation it was; and that in pursuance to the request he had paid the money, relying upon the liability of Burns in case the negro should be lost.
On a hearing of the cause the court pronounced a decree in favor of Rowland for the value of the negro; and from that decree the present appellants appealed to this court.
This court is unable to perceive any reason for Rowland to resort to a court of equity for relief. There certainly could have been no necessity for going into equity unless the circumstance of the decree pronounced in the original suit against Burns made it proper to do so. For having purchased the negro from Burns, it is plain that for any defect in the title, Rowland’s remedy was ample and complete at law. And with respect to the decree first rendered, if it could otherwise have furnished a cause for resorting to a court of equity, the admissions of Rowland, contained in his answer to the interogations exhibited by the appellants’ answer, should forbid the chancellor from giving relief. Giving the decree the most, favorable construction for the appellee, it can only be understood as requiring of Burns, at his election, either to refund the amount received in payment upon the negro being returned to him, or indemnify Rowland against the mortgage of Waters by bond with sufficient security.
The bond and security thus required being intended to secure Rowland against a further loss, it was certainly competent for him to dispense with its execution; and having, *234 as appears by his admissions, done so, he should not be permitted to avail himself of the decree, for the purpose of withdrawing his cause from the cognizance of a court of law to a court of equity.
Bibb for plaintiff, Hardin for defendant.
The decree must, therefore, be reversed with cost, the cause remanded to the court below, and the bill dismissed with cost.